UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN DEAN BREWER,
aka MICHAEL GREEN,

    Petitioner,

v.

TIM PEREZ,

    Respondent.

Case No. 15-cv-02456-WHO (PR)

**ORDER OF DISMISSAL;**

**INSTRUCTIONS TO CLERK**

Dkt. Nos. 2 and 3

## INTRODUCTION

Petitioner Kevin Brewer, aka Michael Green, has filed another petition challenging the same state convictions he challenged in a prior (and now closed) habeas action, *Green v. Knipp*, No. 12-1689 WHO. I must dismiss it because it is a second or successive petition.

## BACKGROUND

Brewer's prior habeas petition was denied, and judgment entered in favor of respondent, on August 4, 2014. (*Green*, No. 12-1689, Docket Nos. 43 and 44.) He appealed, but his appeal was terminated by the Ninth Circuit because it was not timely filed. (*Id.*, Docket Nos. 45, 47 and 50.)

**DISCUSSION**

The instant petition is barred by the rule against filing a second or successive petition. Brewer has filed at least one previous petition regarding the same convictions at issue in the instant petition. In order to file a second or successive petition, Brewer must obtain an order from the Court of Appeals authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Because Brewer has not shown that he has received such authorization, the instant petition must be dismissed as second or successive, the filing of which has not been authorized by the Court of Appeals.

Brewer seeks to avoid the bar against filing a second or successive petition by alleging that he has new evidence. (Pet. at 11.) He asserts that he could not have committed certain crimes because he was incarcerated during the time the crimes occurred. (*Id.*)

Newly discovered evidence can be grounds to avoid dismissal of a second or successive petition. *King v. Trujillo*, 638 F.3d 726, 729-30 (9th Cir. 2011) (per curiam). But evidence will be considered newly discovered only if it "could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(2)(B)(i). Brewer's evidence does not qualify under this standard. He raised this evidence in his state and federal challenges to his convictions. (*Compare* Pet. at 11 with *Green*, No. 12-1689, Docket No. 43 at 2, 4-5.)

Accordingly, the petition is DISMISSED.

**CONCLUSION**

The instant petition is DISMISSED as second or successive, the filing of which has not been authorized by the Court of Appeals.

Brewer's application to proceed *in forma pauperis* (Docket No. 2) is GRANTED. His motion for a stay (Docket No. 3) is DENIED as moot.

A certificate of appealability will not issue. Brewer has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

1 court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

2 The Clerk shall amend the docket to reflect that Tim Perez, the warden of the
3 prison in which Brewer is housed, is the sole respondent in this action. Brewer
4 erroneously named as respondent the People of the State of California. Perez is the sole
5 proper respondent in this action, as he is the custodian having day-to-day control over
6 Brewer, the only person who can produce "the body" of the petitioner. *Brittingham v.*
7 *United States*, 982 F.2d 378, 379 (9th Cir. 1992) (quoting *Guerra v. Meese*, 786 F.2d 414,
8 416 (D.C. Cir. 1986)).

9 The Clerk shall terminate Docket Nos. 2 and 3, enter judgment in favor of
10 respondent, and close the file.

11 **IT IS SO ORDERED.**

12 **Dated:** June 4, 2015



WILLIAM H. ORRICK
United States District Judge